# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 39778

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2013 Unpublished Opinion No. 717 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: October 18, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| HARVEY PAUL GUTHRIE, JR., | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Stephen S. Dunn, District Judge.

Judgment of conviction for felony driving under the influence, affirmed.

Sara B. Thomas, State Appellate Public Defender; Spencer J. Hahn, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Chief Judge; LANSING, Judge;
and GRATTON, Judge

_____

PER CURIAM

Harvey Paul Guthrie appeals from his judgment of conviction for felony driving under the influence. Specifically, Guthrie contends the district court erred by denying his motion to suppress. For the reasons set forth below, we affirm.

On the evening of July 12, 2008, Officer Reed Morrell with the Pocatello Police Department initiated a traffic stop of Guthrie after observing Guthrie cross over the center line three times. Upon making contact with Guthrie, Officer Morrell detected the smell of alcohol coming from Guthrie. Guthrie admitted to Officer Morrell that he had consumed alcohol that evening, but claimed his vehicle pulled to the left. Another officer arrived on scene and directed Guthrie to perform field sobriety tests. Guthrie was subsequently arrested for driving under the influence. The State charged Guthrie with felony driving under the influence, having been

1

convicted of felony driving under the influence within the last fifteen years, and with being a persistent violator. Guthrie filed a motion entitled "Motion Re: Challenging the Probable Cause to Pulled [sic] My Vehicle Over the Night of July 12, 2008 at 10:30 p.m." The district court treated the motion as challenging the probable cause determination at the preliminary hearing and denied the motion. Pursuant to a plea agreement, Guthrie entered a conditional guilty plea to felony driving under the influence, Idaho Code §§ 18-8004, 18-8005(7), and the State dismissed the persistent violator enhancement. The district court entered a judgment of conviction and sentenced Guthrie to a unified term of five years, with three years determinate.

Guthrie appealed, challenging the district court's treatment of his motion, arguing the motion was a motion to suppress based on a lack of probable cause to conduct the traffic stop. The State agreed that the motion should have been treated as a motion to suppress. Upon the parties' stipulation, an order was entered dismissing the appeal, vacating the judgment of conviction, and remanding the case back to the district court for consideration of Guthrie's motion to suppress.

On remand, the district court conducted a hearing on Guthrie's motion to suppress wherein Officer Morrell and Guthrie testified regarding the traffic stop. After the hearing, the district court made the following findings of fact and conclusion:

> Guthrie's position is that there is no evidence supporting Officer Morrell's statement that Guthrie's vehicle crossed the center line three times. In evaluating the credibility of the testimony, the Court concludes that Officer Morrell's testimony is more credible than the Defendant's because he was in a better position to observe whether Guthrie's vehicle crossed the center line. In addition, Guthrie claims he did not say, when told he crossed the center line, that the vehicle pulls to the left, but the audio recording clearly reflects that statement by Guthrie. Finally, the Court has carefully reviewed the video recording several times. Although the video is not perfect and there is some reflection into the camera lens from an oncoming vehicle, the Court's observations are that after the oncoming vehicle passed Officer Morrell's vehicle, Guthrie's vehicle moves toward the center line once, and appears to have crossed it, and then definitely does cross the center line just prior to the stop. Thus, it is the Court's conclusion that there was probable cause to initiate a traffic stop for violation of I.C. § 49-630(1), which requires drivers to drive within their lane of travel, with exceptions not applicable here. Applying the analysis of *State v. Slater*, [136 Idaho 293, 32 P.3d 685 (Ct. App. 2001)], on an objective basis the evidence clearly supports both the reasonable suspicion and probable cause requirements for initiating a traffic stop in this case.

The district court denied Guthrie's motion, and Guthrie again appealed.[1]

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

Guthrie "vigorously disputes the district court's factual finding that he committed a traffic violation, namely crossing the center line, justifying the traffic stop in this case." However, Guthrie does not contend that the district court's findings of fact are not supported by substantial evidence. Where the trial court's findings of fact are supported by substantial, even if conflicting, evidence in the record, we will not disturb them on appeal. *State v. Ray*, 153 Idaho 564, 567, 286 P.3d 1114, 1117 (2012); *State v. Burris*, 125 Idaho 289, 291, 869 P.2d 1384, 1386 (Ct. App. 1994).

Accordingly, Guthrie's judgment of conviction for felony driving under the influence is affirmed.

---

[1] Guthrie filed his appeal within forty-two days of the decision denying his motion to suppress; however, the prior judgment had been vacated pursuant to the parties' stipulation to remand and no new judgment had been entered. The case was again remanded to the district court for the limited purpose of re-entering the judgment.